Tharan Gregory Lanier, Bar No. 138784 (Lead Counsel)
tglanier@jonesday.com
Evan M. McLean, Bar No. 280660
emclean@jonesday.com
JONES DAY
Silicon Valley Office
1755 Embarcadero Road
Palo Alto, California  94303
Telephone:     +1.650.739.3939
Facsimile:      +1.650.739.3900

Michael A. Lavine, Bar No. 321727
mlavine@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:     +1.415.626.3939
Facsimile:      +1.415.875.5700

Sachin M. Patel (*pro hac vice* forthcoming)
smpatel@jonesday.com
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL  60606
Telephone:     +1.312.782.3939
Facsimile:      +1.312.782.8585

Peter Young Kim (*pro hac vice* forthcoming)
pkim@jonesday.com
JONES DAY
51 Louisiana Ave, N.W.
Washington DC, 20001
Telephone:     +1.202.879.3433
Facsimile:      +1.202.626.1700

*Attorneys for Plaintiff Google LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GOOGLE LLC,** | Case No. |
| Plaintiff, | **COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,144,717 AND U.S. PATENT NO. 8,438,120** |
| v. | |
| **K.MIZRA LLC,** | |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff Google LLC ("Google") files this Complaint for Declaratory Judgment of Non-Infringement against Defendant K.Mizra LLC ("K.Mizra") and in support of its Complaint alleges as follows:

**NATURE OF THE ACTION**

1. This action against K.Mizra for declaratory judgment of non-infringement of U.S. Patent Nos. 8,144,717 ("the '717 Patent") (Ex. 1) and 8,438,120 ("the '120 Patent") (Ex. 2) (collectively, "Patents-in-Suit") is pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, and arises under the patent laws of the United States, Title 35 of the United States Code.

2. Google seeks a declaration that it and its products do not infringe any claim of the Patents-in-Suit under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* Google also seeks any other remedy or relief that this Court deems just and proper.

3. K.Mizra is a non-practicing entity. K.Mizra does not innovate, make, or sell any products. Instead, K.Mizra buys patents, identifies companies as potential targets for licensing, and threatens potential targets with the option to become K.Mizra's licensees or otherwise face litigation. *See Who Are We?*, K.Mizra, *available at* https://kmizra.com/who-we-are (last visited September 24, 2025). K.Mizra sues potential targets who do not submit readily to K.Mizra's licensing demands. *See id.* As K.Mizra's website states: "K.Mizra is very proactive. We are currently engaged in patent litigation in the US and Europe. We also provide technical discussions surrounding our portfolio and a potential licensees' [sic] products or services prior to enforcement. We offer licenses to our patents. . . ." *Id.* K.Mizra's solicitation and word-of-mouth marketing of its licenses are directly tied to threats of litigation. *See id.*

4. K.Mizra has two primary endeavors: (1) patent licenses; and (2) patent litigation suits. Last year, K.Mizra's CEO, Chuck Hausman, stated that "companies fight the idea of taking a licence until we litigate[.]" *Meet K.Mizra, The NPE With a Seasoned CEO at the Helm*, IAM (Dec. 11, 2024), *available at* https://www.iam-media.com/article/meet-kmizra-the-npe-seasoned-ceo-the-helm. The threat of a lawsuit is K.Mizra's tactic to obtain revenue.

5. K.Mizra describes its litigation strategy on its website. For example, the website's menu bar includes a tab titled "Litigation Current" that lists K.Mizra's currently pending patent

1  litigation against various companies.



*See Home*, K.Mizra, *available at* https://kmizra.com/. Under the tab "Archives," K.Mizra identifies its past patent litigations.

6. K.Mizra sued Google in the United States District Court for the Western District of Texas. In that case, K.Mizra sued Google for alleged infringement of U.S. Patent Nos. 8,234,705 ("the '705 Patent") and 9,516,048 ("the '048 Patent") (collectively "Texas Asserted Patents"). *See K.Mizra LLC v. Google LLC*, No. 1:25-cv-00236 (W.D. Tex. Feb. 18, 2025) ("the Texas action"). K.Mizra lists the Texas action on its website. *See Litigation Current: K.Mizra LLC v. Google LLC*, K.Mizra, *available at* https://kmizra.com/k-mizra-v-google-1 (last visited September 24, 2025).

7. The Texas Asserted Patents are not the Patents-in-Suit. This declaratory judgment action relates to the '717 and '120 Patents, which are listed under K.Mizra's North American patent portfolio ("Patent Portfolio"). *See North America*, K.Mizra, *available at* https://kmizra.com/north-america (last visited September 24, 2025) (listing the Patents-in-Suit among others).

## FACTUAL ALLEGATIONS

8. K.Mizra directed communications to a first Google employee located in Northern California three years ago. On or about June 6, 2022, K.Mizra's CEO directed communications to

COMPLAINT FOR DECLARATORY JUDGMENT

that Google employee, soliciting the employee's availability to schedule a call to discuss an issue potentially relevant to Google.

9. The next day, on or about June 7, 2022, a second Google employee located in Northern California confirmed receipt of K.Mizra's CEO's correspondence inviting Google to discuss a K.Mizra matter on a call. The second Google employee also provided K.Mizra's CEO with a proposed non-disclosure agreement to help facilitate the discussions.

10. From June 2022 to February 2023, K.Mizra continued directing communications to Google employees located in California. On or about March 7, 2023, K.Mizra's CEO directly communicated to a third Google employee that K.Mizra sought Google to take a license to K.Mizra's Patent Portfolio. During this time, K.Mizra's Patent Portfolio already included the Patents-in-Suit.

11. Nearly two years later, on or about March 6, 2025, K.Mizra's CEO again sent correspondence to the first Google employee located in Northern California, stating that K.Mizra filed a lawsuit against Google a few weeks before, and that K.Mizra was open to a discussion with Google. K.Mizra's CEO was expressly referring to the Texas action, which was filed in February 2025.

12. From April 2025 until present, K.Mizra's CEO and a fourth Google employee, who is located in Northern California, have discussed K.Mizra's license demand for its Patent Portfolio several times.

13. On May 23, 2025, in the Texas action, K.Mizra's counsel sent an email to Google's outside counsel requesting leave to amend K.Mizra's complaint. K.Mizra's outside counsel stated that K.Mizra "recently completed its factual investigation concerning Google's infringement of" the '717 and '120 Patents and "[f]or the sake of efficiency, would like to assert those claims in [the Texas] action." Ex. 3.

14. On May 28, 2025, K.Mizra's counsel provided a draft amended complaint setting forth K.Mizra's infringement allegations accusing Google's Vertex AI Studio of infringing the '120 Patent and various Google Nest products of infringing the '717 Patent. *See* Ex. 4 (draft amended complaint); Ex. 5 (complaint redline provided by K.Mizra). K.Mizra expressed its plan

1  to assert the Patents-in-Suit (which are different from and unrelated to the Texas Asserted Patents)
2  against Google products that are entirely different from the accused products in the Texas action.

3      15.    On Monday, June 9, 2025, K.Mizra's counsel emailed Google's counsel, explaining
4  that K.Mizra "decided against amending their complaint at this time." Ex. 6.

5      16.    During the same time, K.Mizra's CEO continued directing correspondence to the
6  fourth Google employee located in Northern California, seeking to discuss a license for K.Mizra's
7  Patent Portfolio, including the Patents-in-Suit.

8      17.    On June 16, 2025, K.Mizra's CEO emailed Google's fourth employee located in
9  Northern California, offering a license that included the Patents-in-Suit.

10     18.    Given K.Mizra's current lawsuit against Google (the Texas action), K.Mizra's
11 recent threats of further pursuing an infringement action against Google for allegedly infringing the
12 Patents-in-Suit, and K.Mizra's business practice of suing companies, including companies located
13 in California, that do not agree to K.Mizra's terms for a patent license, there exists a substantial
14 controversy between K.Mizra and Google that involves adverse legal interests and is of sufficient
15 immediacy and reality.

16     19.    K.Mizra's actions place a cloud of uncertainty on the commercial use of Google's
17 products; threaten Google's business and relationships with its customers and partners; and create
18 a justiciable controversy between Google and K.Mizra. Google thus brings this action to obtain a
19 declaratory judgment that Google does not infringe any claim of the Patents-in-Suit, directly or
20 indirectly, literally, or under the doctrine of equivalents.

**PARTIES**

22     20.    Google is a limited liability company organized and existing under the laws of the
23 state of Delaware, with its principal place of business at 1600 Amphitheatre Parkway, Mountain
24 View, California 94043.

25     21.    On information and belief, K.Mizra is a Delaware limited liability company with its
26 principal place of business at 777 Brickell Avenue, #500-96031, Miami, Florida 33131.

**JURISDICTION AND VENUE**

28     22.    This action arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et*

COMPLAINT FOR DECLARATORY JUDGMENT

1  *seq.*, and under the patent laws of the United States, Title 35 of the United States Code.

2        23.    The Court has subject matter jurisdiction over the claims alleged in this action under 28 U.S.C. §§ 1331, 1338(a), and 2201(a), because this action involves claims arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*. For the reasons stated herein, K.Mizra has created a real, live, immediate, and justiciable case or controversy between K.Mizra and Google with regard to alleged infringement of the claims in the Patents-in-Suit.

      24.    This Court has personal jurisdiction over K.Mizra, pursuant to due process and/or the California Long Arm Statute because K.Mizra has had continuous and systematic business contacts in this District, has purposely directed its business activities at residents of this District, and has conducted business activities in this District relating to the Patents-in-Suit. On information and belief, K.Mizra has purposefully directed its patent licensing and enforcement activities with respect to the Patent Portfolio, which includes the Patents-in-Suit, to companies having principal places of business and/or operations in this judicial district, including at least Google, Broadcom, Cisco, Epson America, Forescout, Fortinet, HP Inc., and SonicWall, including alleging the infringement of one or more patents in K.Mizra's Patent Portfolio across the United States including in this District. The claims asserted herein arise out of or relate to activity by K.Mizra within and directed at this forum. K.Mizra's minimum contacts with this forum allow this Court to exercise personal jurisdiction over K.Mizra and do not offend any traditional notions of fair play and substantial justice.

      25.    On information and belief, K.Mizra has conducted business in this District through its commercial, licensing, and enforcement activities relating to its Patent Portfolio, which includes the Patents-in-Suit. For example, since at least 2022, K.Mizra's CEO has directed numerous communications to Google, which resides in this District, as well as specifically to its employees located in this District. *See, e.g., supra*, ¶¶ 8–18. K.Mizra was and remains aware that Google maintains its headquarters in Mountain View, California, and averred as such in the Texas action. Ex. 4 ¶ 14.

      26.    On information and belief, K.Mizra has intentionally directed activities and licensing communications relating to its Patent Portfolio, which includes the Patents-in-Suit, to the

COMPLAINT FOR DECLARATORY JUDGMENT

State of California. In the draft amended complaint it provided to Google's counsel, K.Mizra alleged that each of the Patents-in-Suit have "previously been licensed to various industry participants." Ex 4 ¶¶ 50, 70. On information and belief, K.Mizra's portfolio licenses (including the Patents-in-Suit) have been realized for numerous California residents, including Broadcom,[1] Cisco,[2] Epson America,[3] Forescout,[4] Fortinet,[5] HP,[6] and SonicWall.[7] *See, e.g., Meet K.Mizra, The NPE With a Seasoned CEO at the Helm*, IAM (Dec. 11, 2024), *available at* https://www.iam-media.com/article/meet-kmizra-the-npe-seasoned-ceo-the-helm ("Hausman learned at Philips that

---

[1] *See generally* Complaint, *K.Mizra LLC v. Broadcom Inc.*, No. 2:21-cv-00247 (E.D. Tex. July 8, 2021), *available at* https://kmizra.com/k-mizra-v-broadcom-inc (last visited September 24, 2025); *see also Contact Us*, Broadcom, *available at* https://www.broadcom.com/company/contact/locations ("California, Palo Alto (Corporate Headquarters)") (last visited September 24, 2025).

[2] Complaint, ¶ 6, *K.Mizra LLC v. Cisco Sys., Inc.*, No. 6:20-cv-01031 (W.D. Tex. Nov. 6, 2020), *available at* https://kmizra.com/k-mizra-v-cisco-systems ("Defendant Cisco is a California Corporation. . . .") (last visited September 24, 2025); *see also Facts and information*, Cisco, *available at* https://www.cisco.com/c/en/us/about.html (Legal mailing address[:] "Cisco Systems, Inc.[,] 170 West Tasman Dr.[,] San Jose, CA 95134 USA") (last visited September 24, 2025).

[3] Complaint for Patent Infringement, ¶ 9, *K.Mizra LLC v. Epson Am., Inc.*, No. 8:25-cv-00027 (C.D. Cal. Jan. 7, 2025), *available at* https://kmizra.com/k-mizra-v-epson ("Defendant Epson America, Inc. is a company organized and existing under the laws of the state of California. . . .") (last visited September 24, 2025).

[4] Complaint, ¶ 5, *K.Mizra LLC v. Forescout Technologies, Inc.*, No. 2:21-cv-00248 (E.D. Tex. July 8, 2021), *available at* https://kmizra.com/k-mizra-v-forescout-tech ("Defendant Forescout is a California Corporation. . . .") (last visited September 24, 2025); *see also Global Presence*, Forescout, *available at* https://www.forescout.com/company/contact-us/ (indicating with a blue star on a world map the Northern California address of "300 Santana Row[,] Suite 400[,] San Jose, CA 95128") (last visited September 24, 2025).

[5] *See generally* Complaint, *K.Mizra LLC v. Fortinet, Inc.*, No. 2:21-cv-00249 (E.D. Tex. July 8, 2021), *available at* https://kmizra.com/k-mizra-v-fortinet (last visited September 24, 2025); *see also Fortinet Global Offices*, Fortinet, *available at* https://www.fortinet.com/corporate/about-us/global-offices ("US Headquarters[,] 909 Kifer Road[,] Sunnyvale, CA 94086") (last visited September 24, 2025).

[6] *See generally* Complaint for Patent Infringement, *K.Mizra LLC v. HP Inc.*, No. 2:21-cv-00226 (E.D. Tex. June 22, 2021), *available at* https://kmizra.com/k-mizra-v-hp-inc-3 (last visited September 24, 2025); *see also The company that literally started Silicon Valley is moving to Texas*, CNN (Dec. 2, 2020, 11:45 AM), *available at* https://www.cnn.com/2020/12/02/tech/silicon-valley-hpe-to-texas ("In 2015, the company split into HPE and *hardware maker HP Inc. (HPQ), which is not heading to Texas*." (emphasis added)) (last visited September 24, 2025); Press Release, *HP Inc. Reports Fiscal 2025 Second Quarter Results*, HP.com (May 28, 2025), *available at* https://www.hp.com/us-en/newsroom/press-releases/2025/hp-inc-reports-fiscal-2025-second-quarter-results.html ("*PALO ALTO, Calif.*, May. 28, 2025 – (GlobeNewswire) – HP (NYSE: HPQ)" (emphasis added)) (last visited September 24, 2025).

[7] Complaint for Patent Infringement, ¶ 9, *K.Mizra LLC v. SonicWall Inc.*, No. 1:25-cv-00047 (D. Del. Jan. 10, 2025), *available at* https://kmizra.com/k-mizra-v-sonicwall ("SonicWall is a corporation organized and existing under the laws of the state of Delaware with a principal place of business at 1033 McCarthy Boulevard, Milpitas, California, 95035.") (last visited September 24, 2025).

COMPLAINT FOR DECLARATORY JUDGMENT

defendants want certainty—*that if they settle with a company, they are getting a licence to the entire portfolio instead of just one set of patents.  He wanted to incorporate that at K.Mizra and started purchasing a wide range of patents.*" (emphasis added)).

27. Upon information and belief, K.Mizra has directed numerous communications to California including but not limited, to the companies identified in paragraph 26 for purposes of licensing K.Mizra's Patent Portfolio, which includes the Patents-in-Suit.

28. K.Mizra's business involves suing companies located in this District, including Google, and leaving them either the choice to expend significant resources defending themselves in court or submit to a licensing agreement.  If K.Mizra is successful in its threat, a California resident, such as Google, transforms from a potential licensee to K.Mizra's customer.  K.Mizra seeks Google's business, in one fashion or another: carrot or stick.  During subsequent communications, K.Mizra's CEO reiterated that K.Mizra had a draft amended complaint against Google ready for filing.

29. K.Mizra has also voluntarily commenced actions in California courts as recently as January of this year, availing itself of the benefits of the California federal courts and demonstrating that California is not an inconvenient venue in which K.Mizra would litigate.  *See*, *e.g.*, *K.Mizra LLC v. Epson Am., Inc.*, No. 8:25-cv-00027 (C.D. Cal. Jan. 7, 2025), *available at* https://kmizra.com/k-mizra-v-epson.

30. Because of its continuous and systematic contacts within the State of California and this District, K.Mizra has purposefully directed its commercial, licensing, and enforcement activities surrounding its Patent Portfolio, including the Patents-in-Suit, at California, and has voluntarily availed itself of courts in this District thereby subjecting itself to personal jurisdiction in this District.  K.Mizra does business in the State of California.

31. Venue in this District is proper under 28 U.S.C. §§ 1391(b) and (c) at least because K.Mizra is subject to personal jurisdiction in this District, a substantial part of the events or omissions giving rise to the claims occurred in this District, and K.Mizra purposefully directed activities to this District.

32. An actual and justiciable controversy exists under 28 U.S.C. §§ 2201–2202 between

Google and K.Mizra as to whether the claims in the Patents-in-Suit are infringed by Google's products.

**INTRADISTRICT ASSIGNMENT**

33. Pursuant to Civil L.R. 3-2(c) and 3-5(b), this is an Intellectual Property Rights Action subject to assignment on a district-wide basis.

**COUNT I:**

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '717 Patent**

34. Google repeats and realleges Paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35. K.Mizra claims to own all right, title, and interest in the '717 Patent by assignment.

36. During communications with Google's counsel in the Texas action, K.Mizra asserted that Google infringes at least claim 11 of the '717 Patent and provided infringement allegations thereto.

37. Claim 11 of the '717 Patent recites:

> A station for use in a wireless communication network, the station comprising a transmitter arrangement, a receiver arrangement and a processor circuit coupled to the transmitter arrangement and the receiver arrangement, the processor circuit being configured to start up in a not-associated state and to cause the transmitter arrangement to transmit association request messages in the not-associated state, the processor circuit being configured to switch to an associated state upon reception at the receiver arrangement of an association grant in response to one of the association request messages, the processor circuit being configured to establish an associated route for communication with an association unit during subsequent communication of operating messages to an association unit, the associated route including a source of the association grant, and, if the source of the association grant is not the association unit, the operating route between the source of the association grant and the association unit previously established for the source of the association grant in response to association request messages and/or the association grants for intermediate stations, the processor circuit being configured to cause the transmitter arrangement to initiate and transmit association grants in response to association request messages, but only after switching to the associated state.

38. In its draft amended complaint, K.Mizra accused Google's Nest line of products including Nest Hub, Hub Max, Wifi Pro, and Google TV Streamer, among others, that support the Thread networking protocol ("Accused Thread Products") of infringing claim 11 of the '717 Patent.

COMPLAINT FOR DECLARATORY JUDGMENT

Ex. 4 ¶¶ 81–94, 134–62.  K.Mizra's draft amended complaint treats claim 11 as a representative claim.  *See*, *e.g.*, *id.* ¶¶ 79, 93, 135, 138.  Google's Accused Thread Products do not infringe any claim of the '717 Patent because they do not include or practice multiple limitations required by claim 11 and any other independent claim, including, but not limited to "the processor circuit being configured to establish an associated route for communication with an association unit during subsequent communication of operating messages to an association unit, the associated route including a source of the association grant, and, if the source of the association grant is not the association unit, the operating route between the source of the association grant and the association unit."

39. Google, including its Accused Thread Products, has not, and does not, infringe any claims of the '717 Patent either directly, contributorily, or by inducement, literally or under the doctrine of equivalents.  Google does not induce infringement of any claims of the '717 Patent for at least the reasons stated above with respect to no underlying direct infringement of the claims of the '717 Patent, and because Google has not acted with specific intent necessary for induced infringement.  Google does not contributorily infringe any claims of the '717 Patent for at least the reasons stated above with respect to no underlying direct infringement of the claims of the '717 Patent, and because Google has not acted with specific knowledge of infringement.

40. As set forth above, there exists an actual controversy between Google and K.Mizra with respect to whether Google allegedly infringes any claims of the '717 Patent of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.  A judicial declaration is necessary and appropriate so that the parties may ascertain their respective rights regarding the claims of the '717 Patent.

41. Google seeks a judicial determination that Google has not directly infringed, induced others to infringe, or contributed to the infringement of the claims of the '717 Patent.

## COUNT II:

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '120 Patent

42. Google repeats and realleges Paragraphs 1 through 41 of this Complaint as if fully set forth herein.

43. K.Mizra claims to own all right, title, and interest in the '120 Patent by assignment.

44. During communications with Google's counsel in the Texas action, K.Mizra asserted that Google infringes at least claim 1 of the '120 Patent and provided detailed infringement allegations thereto.

45. Claim 1 of the '120 Patent recites:

> A method of determining hyperparameters of a classifier in a machine learning system by iteratively producing an estimate of a target hyperparameter vector, each iteration comprising the steps of:
>
> drawing a random sample of hyperparameter vectors from a set of possible hyperparameter vectors,
>
> updating the estimate of the target hyperparameter vector by using the random sample, and
>
> selecting, from the random sample of hyperparameter vectors, a hyperparameter vector producing a best result in the present and any previous iterations, and wherein the step of updating the estimate of the target hyperparameter vector uses said hyperparameter vector producing the best result.

46. In its draft amended complaint, K.Mizra accuses Google's Vertex AI Studio including its Vizier offering ("Vertex AI") of infringing claim 1 of the '120 Patent. Ex. 4 ¶¶ 65–66, 115–31. K.Mizra draft amended complaint treats claim 1 as a representative claim. *See, e.g.*, *id.* ¶¶ 116, 117. Google Vertex AI does not infringe any claim of the '120 Patent because it does not include or practice multiple limitations required by claim 1 and any other independent claim, including, but not limited to: "updating the estimate of the target hyperparameter vector by using the random sample, and [s]electing, from the random sample of hyperparameter vectors, a hyperparameter vector producing a best result in the present and any previous iterations, and wherein the step of updating the estimate of the target hyperparameter vector uses said hyperparameter vector producing the best result."

47. Google, including its Vertex AI, has not, and does not, infringe any claims of

COMPLAINT FOR DECLARATORY JUDGMENT

the '120 Patent either directly, contributorily, or by inducement, literally or under the doctrine of equivalents. Google does not induce infringement of any claims of the '120 Patent for at least the reasons stated above with respect to no underlying direct infringement of the claims of the '120 Patent, and because Google has not acted with specific intent necessary for induced infringement. Google does not contributorily infringe any claims of the '120 Patent for at least the reasons stated above with respect to no underlying direct infringement of the claims of the '120 Patent, and because Google has not acted with specific knowledge of infringement.

48.  As set forth above, there exists an actual controversy between Google and K.Mizra with respect to whether Google allegedly infringes any claims of the '120 Patent of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. A judicial declaration is necessary and appropriate so that the parties may ascertain their respective rights regarding the claims of the '120 Patent.

49.  Google seeks a judicial determination that Google has not directly infringed, induced others to infringe, or contributed to the infringement of the claims of the '120 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Google respectfully requests that judgment be entered:

A.  Declaring that Google does not infringe, either directly, contributorily, or by inducement, any claim of the Patents-in-Suit;

B.  Declaring that judgment be entered in favor of Google and against K.Mizra on each of Google's claims;

C.  Finding this to be an exceptional case under 35 U.S.C. § 285;

D.  Awarding Google its attorneys' fees and costs incurred in connection with this action; and

E.  Awarding Google any other remedy or relief that the Court deems just and proper.

## JURY DEMAND

Google hereby demands a trial by jury on all claims and issues so triable.

Dated: September 24, 2025

JONES DAY

By: */s/ Tharan Gregory Lanier*
    Tharan Gregory Lanier (Lead Counsel)
    Evan M. McLean
    Michael A. Lavine
    Sachin M. Patel
    Peter Young Kim

*Attorneys for Plaintiff Google LLC*