1  Tharan Gregory Lanier, Bar No. 138784
   (Lead Counsel)
2  tglanier@jonesday.com
   Evan M. McLean, Bar No. 280660
3  emclean@jonesday.com
   JONES DAY
4  Silicon Valley Office
   1755 Embarcadero Road
5  Palo Alto, California  94303
   Telephone:     +1.650.739.3939
6  Facsimile:     +1.650.739.3900

7  Michael A. Lavine, Bar No. 321727
   mlavine@jonesday.com
8  JONES DAY
   555 California Street, 26th Floor
9  San Francisco, CA  94104
   Telephone:     +1.415.626.3939
10 Facsimile:     +1.415.875.5700

11 Sachin M. Patel (admitted *pro hac vice*)
   smpatel@jonesday.com
12 Jones Day
   110 North Wacker Drive, Suite 4800
13 Chicago, IL  60606
   Telephone:     +1.312.782.3939
14 Facsimile:     +1.312.782.8585

15 Peter Young Kim (admitted *pro hac vice*)
   pkim@jonesday.com
16 Jones Day
   51 Louisiana Ave, N.W.
17 Washington DC, 20001
   Telephone:     +1.202.879.3939
18 Facsimile:     +1.202.626.1700

19 *Attorneys for Plaintiff Google LLC*

Bart A. Starr (admitted *pro hac vice*)
Brian S. Boerman (admitted *pro hac vice*)
Tristan D. Lewis (admitted *pro hac vice*)
SHERIDAN ROSS PC
1560 Broadway, Suite 1200
Denver, CO 80202
Telephone: (303) 863-2961
Facsimile: (303) 863-0223
bstarr@sheridanross.com
bboerman@sheridanross.com
tlewis@sheridanross.com
litigation@sheridanross.com

Denise M. De Mory (SBN 168076)
Eric Carr (SBN 333128)
BUNSOW DE MORY LLP
701 El Camino Real
Redwood City, CA 94063
Telephone: (650) 351-7248
Facsimile: (415) 426-4744
ddemory@bdiplaw.com
ecarr@bdiplaw.com

*Attorneys for Defendant K.MIZRA LLC*

20                    **UNITED STATES DISTRICT COURT**
                     **NORTHERN DISTRICT OF CALIFORNIA**
21

22

23 | **GOOGLE LLC,** | Case No. 3:25-cv-08107-TLT |

24 |                Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |

25 |        v. |

26 | **K.MIZRA LLC,** | Date:  January 8, 2026
                     Time:  2:00 p.m.
27 |                Defendant. | Judge: Trina L. Thompson

28 |  | **JURY TRIAL DEMANDED** |

JOINT CASE MANAGEMENT STATEMENT

Pursuant to Federal Rule of Civil Procedure 26(f)(2), Civil Local Rule 16-9(a), the Standing Order For All Judges of The Northern District Of California (updated Nov. 30, 2023), and the Court's Case Management Order, ECF 12, Plaintiff Google LLC ("Google" or "Plaintiff") and Defendant K.Mizra LLC ("K.Mizra" or "Defendant") (collectively the "Parties"), have met and conferred and respectfully submit this Joint Case Management Statement in advance of the Case Management Conference on January 8, 2026.

## I.    JURISDICTION AND SERVICE

### A.    Google's Statement

This action arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and under the patent laws of the United States, Title 35 of the United States Code. The Court has subject matter jurisdiction over the claims alleged in this action under 28 U.S.C. §§ 1331, 1338(a), and 2201(a), because this action involves claims arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* Defendant has been served and has appeared.

### B.    K.Mizra's Statement

K.Mizra contends that this Court lacks personal jurisdiction over K.Mizra and further contends that the exercise of subject matter jurisdiction would not be appropriate in this case. Accordingly, K.Mizra has filed a Motion to Dismiss (ECF 24) and has appeared for purposes of filing the aforementioned Motion.

## II.    FACTS

### A.    Google's Statement

This case is an action against K.Mizra for declaratory judgment of non-infringement of U.S. Patent Nos. 8,144,717 ("the '717 Patent") and 8,438,120 ("the '120 Patent") (collectively, "Patents-in-Suit"). K.Mizra is a Delaware company with its principal place of business in Florida. K.Mizra buys patents, identifies companies as potential targets for licensing, and threatens potential targets with the option to become K.Mizra's licensees or otherwise face litigation. Since 2022, Mr. Hausman on K.Mizra's behalf has directed numerous communications to Google, which resides in this District, as well as specifically to its employees located in this District. K.Mizra has alleged

through multiple correspondence and a draft amended complaint setting forth K.Mizra's infringement allegations accusing Google's Vertex AI Studio of infringing the '120 Patent and various Google Nest products of infringing the '717 Patent (Google's Vertex AI Studio and Google Nest products, collectively the "Accused Products"). Because K.Mizra continues to press its infringement allegations and pressure Google to pay for a license that implicates the Patents-in-Suit, Google seeks a declaration that it and its products do not infringe any claim of the Patents-in-Suit.

### B. K.Mizra's Statement

K.Mizra is a Delaware company with its principal place of business in Florida. K.Mizra is a patent licensing company run by experienced management and focused on licensing high-value, high-quality patents, including the '717 and '120 patents at issue in this declaratory judgment action. K.Mizra offers licenses to its patents on reasonable terms and, by focusing on high-quality patents, provides a secondary market for inventors to recoup their investment and continue innovation.

## III. LEGAL ISSUES

### A. Google's Statement

Subject to and without waiving its positions or arguments, Google anticipates the pending claims at this time may raise the following disputed issues the Court may need to resolve:

i) Whether Google's Accused Products infringe one or more claims of the Patents-in-Suit;

ii) Whether the Patents-in-Suit are invalid or unenforceable;

iii) Declaring that judgment be entered in favor of Google and against K.Mizra on each of Google's claims; and

iv) Whether this is an exceptional case requiring K.Mizra to pay Google attorneys' fees pursuant to 35 U.S.C. § 285.

### B. K.Mizra's Statement

K.Mizra states that whether K.Mizra's Motion to Dismiss (ECF 24) should be granted is the disputed threshold issue that the Court should resolve. If the Motion to Dismiss is not granted,

issues the Court may need to resolve include:

    i.      Whether Google has directly or indirectly infringed the Patents-in-Suit in violation of 35 U.S.C. § 271(a), (b), and/or (c), and if so, whether such infringement was willful;

    ii.      Whether the asserted claims of the Patents-in-Suit are invalid under 35 U.S.C. §§ 101, 102, 103, 112, and/or 116;

    iii.      Whether K.Mizra is entitled to any damages, and if so, the amount thereof, for infringement of one or more valid and infringed claims of the Patents-in-Suit;

    iv.      Whether this case is exceptional, and if so, whether K.Mizra is entitled to their costs, expenses, attorneys' fees, and/or interest under 35 U.S.C. §§ 284, 285;

## IV.    MOTIONS

### A.    Prior and Pending Motions

On November 17, 2025, K.Mizra filed a motion to dismiss for lack of personal jurisdiction and subject matter jurisdiction. ECF 24. On December 15, 2025, Google filed its respective opposition. ECF 33. On December 22, 2025, K.Mizra filed its Reply in Support of its Motion to Dismiss (ECF 35). The motion is scheduled to be heard for oral argument on March 24, 2026.

### B.    Anticipated Motions

In the event K.Mizra's motion to dismiss is denied, both Parties anticipate future summary judgment motions will be filed to narrow issues before trial. In the event K.Mizra's motion to dismiss is denied, both Parties may file other dispositive and non-dispositive motions as the case progresses.

In the event K.Mizra's motion to dismiss is denied, the Parties further anticipate filing a motion for a protective order governing the confidentiality of information and the review of source code in this matter, as well as a joint motion for an order governing the treatment of electronically stored information (ESI) in discovery.

## V.    AMENDMENT OF PLEADINGS

### A.    Google's Statement

Google does not currently intend to amend the operative Complaint but reserves the right

to request leave of the Court to do so.

### B. K.Mizra's Statement

In light of its pending Motion to Dismiss, K.Mizra has not yet filed any pleadings.

## VI. EVIDENCE PRESERVATION

The parties have met and conferred, have reviewed the applicable preservation guidelines, and have taken measures to preserve relevant evidence. They will request entry of an ESI order if necessary.

## VII. DISCLOSURES

The parties will exchange or have exchanged their initial disclosures under Federal Rule of Civil Procedure 26(a)(1) on or before January 2, 2026. As appropriate and permissible under Rule 26(e), the parties may supplement thereafter.

## VIII. DISCOVERY

The parties have not begun discovery. The parties agree to stay formal discovery until the Court has ruled on K.Mizra's motion to dismiss and the close of pleadings, i.e., until after the filing of the final Answer to the Complaint or any Counter-Claim. Discovery is anticipated to include certain relevant employees of the parties and various third parties, among other things.

Pursuant to Rule 26(f) and paragraph 8 of the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, the parties propose the following discovery plan: the parties have agreed to meet and confer regarding a discovery order and protective order within 30 days of the commencement of discovery.

There are no identified discovery disputes at this point. The Parties agree that documents created on or after the filing of the Complaint that are subject to a claim of attorney-client privilege, work product immunity, or any other privilege or immunity do not need to be included in the Parties' privilege logs. The Parties have not agreed to other limitations on discovery.

## IX. CLASS ACTIONS

This is not a class action case.

## X. RELATED CASES

Currently, there are no related cases pending in this jurisdiction or any other court or administrative body. The Parties are engaged in co-pending litigation in the Western District of Texas involving different patents owned and asserted by K.Mizra.

## XI. RELIEF

### A. Google's Statement

As set forth in Google's Complaint for Declaratory Judgement of Non-Infringement, Google respectfully requests that judgment be entered:

i) Declaring that Google does not infringe, either directly, contributorily, or by inducement, any claim of the Patents-in-Suit;

ii) Declaring that judgment be entered in favor of Google and against K.Mizra on each of Google's claims;

iii) Finding this to be an exceptional case under 35 U.S.C. § 285;

iv) Awarding Google its attorneys' fees and costs incurred in connection with this action; and

v) Awarding Google any other remedy or relief that the Court deems just and proper.

### B. K.Mizra's Statement

K.Mizra requests that its Motion to Dismiss (ECF 24) be granted and that this declaratory judgment action be dismissed by the Court.

## XII. SETTLEMENT AND ADR

The parties have discussed ADR options and believe private mediation may be beneficial in this case. The parties have not yet decided on a provider or specific timing. The Parties believe that ADR may be beneficial after the close of fact discovery, or after dispositive motions, in the event K.Mizra's Motion to Dismiss is denied and the case proceeds in this Court.

## XIII. OTHER REFERENCES

None. The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XIV.   NARROWING OF ISSUES

The parties will in good faith attempt to narrow the issues for trial. Given the differences between the Patents-in-Suit and the Accused Products, if both patents survive to trial, Google may also consider requesting two trials, one per each of the Patents-in-Suit.

## XV.   SCHEDULING

K.Mizra proposes that no dates certain should be set at this time given the pendency of K.Mizra's Motion to Dismiss. In the event K.Mizra's Motion to Dismiss is denied and the case proceeds in this Court, K.Mizra proposes that the parties promptly meet and confer and file a joint proposed schedule with the Court within 14 days after the Court's ruling on the Motion to Dismiss.

Google proposes the following discovery schedule approximated to start one month after the Hearing on K.Mizra's Motion to Dismiss:

| Scheduled Event | Google's Proposed Deadline | K.Mizra's Proposed Deadline |
|---|---|---|
| Hearing on K.Mizra's Motion to Dismiss | March 24, 2026 | |
| Deadline for K.Mizra to Respond to Google's Complaint | April 24, 2026 | |
| Disclosure of Asserted Claims and Infringement Contentions (Pat. L.R. 3-1 & 3-2) | May 8, 2026 | |
| Invalidity Contentions (Pat. L.R. 3-3 and 3-4) | June 23, 2026 | |
| Exchange of Proposed Terms for Construction (Pat. L.R. 4-1) | July 7, 2026 | |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence (Pat. L.R. 4-2) | July 28, 2026 | |
| Damages Contentions (Pat. L.R. 3-8) | August 12, 2026 | |
| Joint Claim Construction and Prehearing Statement (Pat. L.R. 4-3) | August 25, 2026 | |

| | |
|---|---|
| Responsive Damages Contentions (Pat. L.R. 3-9) | September 11, 2026 |
| Close of Claim Construction Discovery | September 22, 2026 |
| Opening Claim Construction Brief (Pat. L.R. 4-5(a)) | October 6, 2026 |
| Technology Tutorial | October 9, 2026 |
| Responsive Claim Construction Brief (Pat. L.R. 4-5(b)) | October 20, 2026 |
| Reply Claim Construction Brief (Pat. L.R. 4-5(c)) | October 27, 2026 |
| Claim Construction Hearing | November 10, 2026 or Subject to the convenience of the Court's calendar |
| Close of Fact Discovery | April 13, 2027 |
| Opening Expert Reports | April 20, 2027 |
| Rebuttal Expert Reports | June 1, 2027 |
| Close of Expert Discovery | July 27, 2027 |
| Opening Summary Judgement and *Daubert* Briefs | August 3, 2027 |
| Responsive Summary Judgement and *Daubert* Briefs | August 24, 2027 |
| Reply Summary Judgement and *Daubert* Briefs | September 7, 2027 |

| Hearing on Dispositive Motions and *Daubert* Motions | October 2027, Subject to the convenience of the Court's calendar | |
|---|---|---|
| Pretrial Conference | November/December 2027, Subject to the convenience of the Court's calendar | |
| Jury Trial | January/February 2028, Subject to the convenience of the Court's calendar | |

## XVI. TRIAL

### A. Google's Statement

Google has requested a jury trial and expects that the trial will require approximately 10 court days. Given the differences between the Patents-in-Suit and the Accused Products, if both patents survive to trial, Google may also consider requesting two trials, one per each of the Patents-in-Suit.

### B. K.Mizra's Statement

K.Mizra expects that any trial would require approximately seven court days.

## XVII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The parties have each made the required disclosures.

### A. Google's Statement

Google LLC is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc., a publicly traded company; no publicly traded company holds more than 10% ownership of Alphabet Inc.'s stock.

Pursuant to Civil L.R. 3-15, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including, but not limited to, parent corporations), or other entities (i) have a financial interest in the subject

matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

      1. Google LLC

      2. XXVI Holdings Inc., Holding Company of Google LLC

      3. Alphabet Inc., Holding Company of XXVI Holdings Inc.

      **B.**      <u>**K.Mizra's Statement**</u>

K.Mizra has no parent company, and no publicly traded company holds more than 10% ownership of its stock.

## XVIII. <u>PROFESSIONAL CONDUCT</u>

Counsel have reviewed and are familiar with the guidelines.

## XIX. <u>OTHER MATTERS</u>

The parties will discuss ways to facilitate the just, speedy and inexpensive disposition of this matter, as appropriate.

Dated: December 30, 2025

By: */s/ Tharan Gregory Lanier*
      Tharan Gregory Lanier

JONES DAY
Tharan Gregory Lanier (Lead Counsel)
Evan M. McLean
Michael A. Lavine
Sachin M. Patel
Peter Young Kim

***Attorneys for Plaintiff***
***GOOGLE LLC***

By: */s/ Bart A. Starr*
      Bart A. Starr

Bart A. Starr (admitted pro hac vice)
Brian S. Boerman (admitted pro hac vice)
Tristan D. Lewis (admitted pro hac vice)
SHERIDAN ROSS PC
1560 Broadway, Suite 1200
Denver, CO 80202
Telephone: (303) 863-2961
Facsimile: (303) 863-0223
bstarr@sheridanross.com
bboerman@sheridanross.com
tlewis@sheridanross.com
litigation@sheridanross.com

Denise M. De Mory (SBN 168076)
Eric Carr (SBN 333128)
BUNSOW DE MORY LLP
701 El Camino Real
Redwood City, CA 94063
Telephone: (650) 351-7248
Facsimile: (415) 426-4744
ddemory@bdiplaw.com
ecarr@bdiplaw.com

***Attorneys for Defendant***
***K.MIZRA LLC***