UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GOOGLE LLC,

          Plaintiff,

    v.

K.MIZRA LLC,

          Defendant.

Case No.  25-cv-08107-TLT

**QUESTIONS FOR THE PARTIES**

Re: Dkt. No. 24

## I.    PERSONAL JURISDICTION

    A.    The parties are currently engaged in litigation in Texas.  *See K.Mizra LLC v. Google LLC*, No. 1:25-cv-236 (W.D. Texas). Google ("Plaintiff") alleges that K.Mizra's counsel sent a proposed amended complaint to Google's counsel related to the Texas litigation, wherein K.Mizra alleged infringement of the '717 and the '120 Patents. Compl. ¶ 14.  Plaintiff further asserts that:

> From February to June 2025, K.Mizra continuously contacted Google, notified a Google employee located in California of the Texas action, repeatedly discussed its licensing demand of the Patent Portfolio with another Google employee located in California, and provided Google's outside counsel with the unfiled amended complaint alleging the new Patents-in-Suit with new accused products.

ECF 33 at 10. Plaintiff appears to acknowledge and K.Mizra asserts that these contacts only occurred during the course of and related to communications with Google's counsel in the Texas action.  Compl. ¶ 36, 44.

        **i.    To Plaintiff:** Does Plaintiff contest that the contact described above, and which gives rise to this action, were made in connection with the litigation in *K.Mizra LLC v. Google LLC*, No. 1:25-cv-236 (W.D. Texas)?

United States District Court
Northern District of California

    **ii.**    <u>**To Plaintiff**</u>: Explain why these contacts are not sufficiently related to the ongoing litigation in *K.Mizra LLC v. Google LLC*, No. 1:25-cv-236 (W.D. Texas)?

        a.   <u>**All Parties:**</u> As such, explain why these contacts do or do not create grounds for the Court to exercise personal jurisdiction over K.Mizra in California?

        *a.*   In addressing the question above, please refer to the Federal Circuit's reasonableness factors articulated in *Trimble Inc. v. PerDiemCo LLC*, 997 F.3d 1147, 1153 (Fed. Cir. 2021) (quoting Int'l Shoe Co. v. State of Washington, 326 U.S. 310, 316-17 (1945)). Particularly, focus on factor 4, "the interstate judicial system's interest in obtaining the most efficient resolution of controversies." *Id.*

**B.**    Plaintiff asserts that on March 7, 2023, "K.Mizra sought Google to take a license to K.Mizra's Patent Portfolio" which included the Patents-in-Suit. Compl. ¶ 10. This contract would have occurred prior to the initiation of the Texas litigation and does not relate to settlement discussions.

    **i.**    <u>**To Both Parties**</u>: Please address whether this *pre-litigation communication* should confer specific personal jurisdiction in light of the Federal Circuit's ruling that "a defendant may not be subjected to personal jurisdiction if its only additional activities in the forum state involve unsuccessful attempts to license the patent there," even "where the defendant has successfully licensed the patent in the forum state, even to multiple non-exclusive licensees . . ." *Breckenridge Pharm., Inc. v. Metabolite Lab'ys, Inc.*, 444 F.3d 1356, 1366 (Fed. Cir. 2006).

//

//

//

2

United States District Court
Northern District of California

**II.    DISMISSAL OR TRANSFER**

A.    **To Both Parties**: If the Court finds that it lacks jurisdiction the Court must decide whether to dismiss the action or "in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed or noticed." *See* 28 U.S.C. § 1631.

a.    If the Court finds that it lacks personal jurisdiction, please discuss whether this action should be transferred to the Western District of Texas.

The parties are *invited* to respond in writing by **March 20, 2026**. This will allow for more time for oral argument. The parties are also invited to *jointly* indicate whether they would like to submit the matter based upon the written responses to the Court's questions and the briefing.

IT IS SO ORDERED.

Dated: March 19, 2026

_____
TRINA L. THOMPSON
United States District Judge

Related cases:
*K.Mizra LLC v. Google LLC*, No. 1:25-cv-236-ADA (W.D. Texas) )'705, '048 ECF 66
*K.Mizra v. Cisco Systems, Inc.,* Civil Action No. 6:20-cv-01031-ADA (W.D. Tex.)
*K.Mizra LLC v. SonicWall, Inc.,* Civil Action No. 1:25- cv-00047-RGA (D. Del.).

3